IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

REHABCARE GROUP EAST, INC.,    )
etc.,                          )
                               )
            Plaintiff,         )
                               )
     v.                        )    No. 11 C 6384
                               )
LAKEVIEW NURSING AND           )
REHABILITATION CENTER, INC.,   )
et al.,                        )
                               )
            Defendants.        )

                       MEMORANDUM ORDER

Lakeview Nursing and Rehabilitation Center, Inc. ("Lakeview"), a codefendant with Tricare Rehab, LLC ("Tricare"), has filed its Answer to the Complaint brought against them by RehabCare Group East, Inc. d/b/a RehabCare Group Therapy Services, Inc. ("RehabCare"). This memorandum order is issued sua sponte to address one problematic aspect of the Answer, as well as focusing on a subject matter jurisdictional question posed by the Complaint.

As for Lakeview's Answer, here are Complaint ¶14 and Lakeview's response:

> 14. During conferences between RehabCare and Lakeview, Lakeview represented to RehabCare that the otustanding invoices would be paid and requested that RehabCare continue to provide services in accordance with the Therapy Services Agreement.
>
> ANSWER: Lakeview states that negotiations between the parties in anticipation of settling disputed issues are not admissible and not relevant, and as such Lakeview denies the allegations contained in Paragraph 14.

That purported response is of course a non sequitur--whatever may be said as to the evidentiary admissibility or inadmissibility of what RehabCare has alleged, that is certainly not the predicate for Lakeview's denial of the allegation "as such." Instead Lakeview must answer the allegation in substantive terms.

Accordingly Answer ¶14 is stricken. Lakeview is ordered to file an amended answer to Complaint ¶14 (<u>not</u> a self-contained Amended Answer to the entire Complaint) on or before October 17, 2011, failing which Complaint ¶14 will be deemed to have been admitted.

On the jurisdictional front, here is what Complaint ¶5 says (and does not say) about Tricare's relevant citizenship for diversity purposes:

> 5. Tricare Rehab, LLC ("Tricare") is an Indiana limited liability company with its principal place of business in Indiana. None of Tricare's members are citizens of Delaware or Missouri.

That first sentence is wholly irrelevant, for 28 U.S.C. §1332(c)(1) does not apply to limited liability companies. As for the second sentence, this Court has accepted it as accurate for purposes of permitting the case to go forward, but as and when Tricare files its responsive pleading it must expressly identify all of its members and their respective states of citizenship. Only in that way can this Court discharge its ongoing responsibility to police the existence (or nonexistence)

2

of subject matter jurisdiction.

                                _____
                                Milton I. Shadur
                                Senior United States District Judge

Date:  October 6, 2011