```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

REHABCARE GROUP EAST, INC.,    )
etc.,                          )
                               )
               Plaintiff,      )
                               )
     v.                        )    No.  11 C 6384
                               )
LAKEVIEW NURSING AND           )
REHABILITATION CENTER, INC.,   )
et al.,                        )
                               )
               Defendants.     )
```

                        MEMORANDUM ORDER

    This action by RehabCare Group East, Inc. ("RehabCare") against Lakeview Nursing and Rehabilitation Center, Inc. ("Lakeview") and Tricare Rehab, LLC ("Tricare"), filed more than four months ago, seeks to invoke federal subject matter jurisdiction on diversity of citizenship grounds.  This Court's brief October 6, 2011 memorandum order ("Order") pointed up two deficiencies in the pleading to that point:  a flaw in Lakeview's Answer ¶14 and a deficiency in RehabCare's allegations regarding Tricare that resulted in RehabCare's failure to have established the requisite complete diversity.

    Thereafter Lakeview failed to file an amended Answer to Complaint ¶14 as the Order had directed, resulting in its deemed admission of the allegation in Complaint ¶14.  As for the deficient allegation regarding the citizenship of all of Tricare's members, nothing was done by anyone until Tricare filed its Answer on January 17, 2012.

On that score Tricare's assertion in Answer ¶5 is totally unacceptable. Here is Answer ¶5:

> Admitted. Pursuant to this Court's October 6, 2011 Order, Tricare further states that its members are Lifelines Rehabilitation Services, LLC, an Indiana limited liability company with its principal place of business in Indiana, and Therapy Works Rehabilitation Services, LLC, an Illinois limited liability company with its principal place of business in Illinois.

Given that filing, more than 120 days have elapsed since suit was brought--and we are still lacking the required establishment of diversity jurisdiction, even though Order at 2 had expressly identified that deficiency for the litigants and had mandated that "as and when Tricare files its responsive pleading it must expressly identify all of its members and their respective states of citizenship." On that score, more than a dozen years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)) and a whole battery of cases since then (exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007))[1] have made it plain that whenever a limited liability company is involved all of the layers on the jurisdictional onion must be peeled away--it simply will not do to identify an LLC's members as including other LLCs without also expressly identifying the members of those LLCs.

---

[1] That teaching has of course been echoed many times over by this Court and its colleagues.

2

What to do under such circumstances?  One obvious response is to dismiss this action because of the absence of established subject matter jurisdiction, and this Court so orders.[2]  And because Tricare's counsel, who are clearly in the best position to have provided the necessary information that might have supported federal jurisdiction, failed to do so despite the Order's directive, Tricare is ordered to reimburse RehabCare for its expenditure of the $350 filing fee in this case (a filing fee that will have to be paid once again by RehabCare to bring the action in a state court, or to refile in federal court if that is possible).

_____
Milton I. Shadur
Senior United States District Judge

Date:   January 18, 2012

---

[2] Such dismissal is of course without prejudice to the potential reassertion of RehabCare's claim in a state court of competent jurisdiction.